# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 36074

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 440 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 26, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RONALD ALLEN SAMPSON, JR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Gregory S. Anderson, District Judge.

Judgment of conviction for aggravated battery, <u>affirmed</u>.

Joseph Jardine, Salt Lake City, Utah, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Ronald Allen Sampson, Jr. appeals from his judgment of conviction for aggravated battery, Idaho Code §§ 18-903, 18-907(1)(b). We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State produced evidence at trial that Sampson and his wife, K.S., had an argument in her car while stopped in a parking lot. Sampson demanded that K.S. return her wedding ring. When K.S. refused, Sampson grabbed her hand and tried to pry it open. When that failed, Sampson placed the blade of his pocket knife against her hand and threatened to cut off her finger unless she returned the ring. K.S. relaxed her hand enough for Sampson to take the ring, and he got out of the car. As K.S. drove to her sister's house she called Sampson's mother, Dotty. Once she arrived at her sister's house, K.S. called the police. The investigating officer interviewed K.S. and confirmed the presence of a thin cut on K.S.'s hand. K.S. and the investigating officer testified to the above facts. Sampson testified that there was an argument

1

during which he took the ring, but he denied using a knife. The jury found him guilty of aggravated battery. He was sentenced to a unified term of seven years with three years determinate. Sampson appeals.

## II.

## ANALYSIS

Sampson requests that this Court reverse the judgment of conviction and grant a new trial. He claims the district court erred in allowing bad act evidence, barring testimony, and denying the motion for a new trial. He also contends that the prosecutor engaged in misconduct and that defense counsel provided ineffective assistance.

### A. Evidence of Prior Misconduct

Sampson claims the trial court erred in admitting evidence of prior misconduct. The State asserts that Sampson failed to object to the admission of this evidence at trial and is, therefore, barred from raising the issue on appeal.

Sampson claims that evidence produced at trial relating to the following subjects was improperly admitted:

> (1) that Defendant was on probation at the time the allegation arose; (2) that he had previously been convicted of a crime of domestic violence against his former wife; (3) that he had been accused, though not convicted, of committing a crime of domestic violence against [K.S.] a month earlier; (4) that [K.S.] believed Defendant had "chest butted" her on a prior occasion; (5) that he had been arrested eighteen times, though no evidence was given as to how many convictions resulted; and (6) that he was subjected to drug testing as a part of his probation.

This evidence was introduced principally through the testimony of K.S., but some of the subjects were addressed by Sampson as well. Prior to trial, the State filed a notice of intent to introduce prior acts under Idaho Rule of Evidence 404(b). Sampson filed an objection the day *after* trial, which was clearly untimely. Otherwise, Sampson asserted no objection to this evidence during trial.

This Court will not address an issue not preserved for appeal by an objection in the trial court. *State v. Rozajewski*, 130 Idaho 644, 645, 945 P.2d 1390, 1391 (Ct. App. 1997). However, we may consider fundamental error in a criminal case, even though no objection was made at trial. *Id.* Fundamental error has been defined as error which goes to the foundation or basis of a defendant's rights, goes to the foundation of the case or takes from the defendant a right which

2

was essential to his or her defense, and which no court could or ought to permit to be waived. *State v. Babb*, 125 Idaho 934, 940, 877 P.2d 905, 911 (1994).

A trial court's incorrect admission of evidence under I.R.E. 404(b) does not constitute fundamental error. *State v. Cannady*, 137 Idaho 67, 72, 44 P.3d 1122, 1127 (2002). "An abuse of discretion in admitting evidence is a trial error and does not go to the foundation of the case or take from the defendant a right which was essential to his defense." *Id.* at 72-73, 44 P.3d at 1127-28. Sampson does not dispute that he failed to object at trial. Sampson's reliance on *State v. Hansen*, 148 Idaho 442, 224 P.3d 509 (Ct. App. 2009) is misplaced, as *Hansen* dealt with whether a failure to object to jury instructions that misstate the elements of the offense could be fundamental error. *Id.* at 445, 224 P.3d at 512. The *Cannady* Court established that an error in admitting evidence at trial under I.R.E. 404(b) is not fundamental. Sampson failed to preserve this issue for appeal.

## B.     Exclusion of Hearsay Testimony

Sampson claims the trial court erred in excluding the testimony of his mother, Dotty, as hearsay. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." I.R.E. 801(c); *State v. Gomez*, 126 Idaho 700, 704, 889 P.2d 729, 733 (Ct. App. 1994). Hearsay is inadmissible unless otherwise provided by an exception in the Idaho Rules of Evidence or other rules of the Idaho Supreme Court. I.R.E. 802.

K.S. testified about the argument with Sampson in the car and Sampson's threat to cut off her finger with a knife. She also testified that after Sampson got out of the car she called his mother, Dotty, as she drove to her sister's house. K.S. asserted that she told Dotty all about the fight and Sampson's use of a knife. Sampson attempted to elicit testimony from Dotty about the telephone conversation which was objected to by the prosecutor and sustained by the court:

> [Defense:] And how long was the conversation that you had with [K.S.]?
> [Dotty:] About ten minutes.
> [Defense:] What did she tell you when she called?
> [Prosecutor:] I'm going to object to this. This is purely hearsay. I don't see any exception.
> [The Court:] Sounds like hearsay. Any exception that you're aware of apply?
> [Defense:] She's the victim, Your Honor. I think her testimony -- I don't believe her testimony is hearsay.

3

[The Court:] You want to take a look at the rule and tell me? It seems to me there is a difference between a victim and a party, a victim in a criminal action and a party in a criminal action.

[Defense:] Your Honor, I think this situation it could come in under excited utterance.

[Prosecutor:] Certainly hasn't laid sufficient foundation for that.

[The Court:] I don't believe there's sufficient foundation for excited utterance.

The court and parties then discussed whether the admission by party-opponent under I.R.E. 801(d)(2) applies against a victim -- K.S. The court sustained the prosecutor's objection and stated to Sampson: "If you want to do some research and tomorrow reassert the issue supported by research, I could reconsider it then." Sampson had no other questions for Dotty and rested. The next morning, the trial court asked Sampson if he wanted to continue questioning Dotty. Sampson, however, chose not to call Dotty or present additional argument as to why the testimony should be admitted.

We note that, except as described above, Sampson made no effort to provide additional foundation, restate the question posed, elicit additional testimony from Dotty on the subject or make an offer of proof, I.R.E. 103. After the trial, and on this appeal, Sampson claims that Dotty "was prepared to dispute" testimony from K.S., particularly, that K.S. did not tell Dotty that a knife was used in the event. To that effect, Sampson filed an affidavit from Dotty in support of his motion for new trial. However, Sampson made no such record at the time Dotty was called to testify. He, therefore, cannot base trial court error on purported testimony that the trial court was not made aware of, either through eliciting testimony directly from Dotty or making an offer of proof, at the time.

We focus solely upon the question to which the State objected and the court sustained: "What did she tell you when she called?" Sampson argues that the testimony from Dotty should have been admitted because: (1) the statement was not hearsay since it was not offered for the truth of the matter asserted; (2) it was admissible under I.R.E. 806 and 613; (3) the prosecutor opened the door by questioning K.S. about this conversation; (4) it was a present sense impression; (5) it was an excited utterance; and (6) it was a then existing mental, emotional, or physical condition. The arguments advanced by Sampson largely depend upon what Sampson contends the answer to the question would have been, which as addressed above, was not established in the record at the time or outside the presence of the jury.

4

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Not only is appellate review limited to the issues presented below, "appellate court review is limited to the evidence, theories and arguments that were presented below." *State v. Johnson*, __ Idaho __, __ P.3d __ (February 1, 2010) (internal quotes omitted). Just as an objection must be examined in context, *State v. Lampien*, 148 Idaho 367, 376, 223 P.3d 750, 759 (2009), argument supporting the admittance of evidence must be examined in context.

Of the arguments Sampson brings to this Court, the only ground argued at trial and preserved for appeal is excited utterance. While Sampson argued below that the statement was not hearsay, the context of his argument -- in which he did not cite to a rule -- was interpreted as arguing that the victim was a party and the admission by the party-opponent exception under I.R.E. 801(d)(2) applied. On appeal, Sampson instead argues that the statement is not hearsay because it is not offered for the truth of the matter asserted. As this was not presented below, this Court will not consider it. Moreover, the question posed called for a hearsay response. Nothing about the question suggested that the testimony to be elicited was not being offered for its truth. Additionally, the other four arguments regarding the admission of this testimony were not presented at trial and will not be considered for the first time on appeal.

A trial court's decision to admit or deny a statement under the excited utterance exception is reviewed for an abuse of discretion. *State v. Field*, 144 Idaho 559, 567-68, 165 P.3d 273, 281-82 (2007). The exception states: "A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" is not excluded by the hearsay rule. I.R.E. 803(2). As matter of foundation, this requires: (1) an event sufficiently startling to render inoperative the normal reflective thought process of an observer, and (2) the declarant's statement to be a spontaneous reaction to the event and not the result of reflective thought. *Field*, 144 Idaho at 568, 165 P.3d at 282.

After Sampson mentioned the excited utterance exception as a reason to admit the testimony, the prosecutor objected for a lack of foundation, and the court sustained the objection. Sampson now claims he did not need to provide foundation because K.S. had already testified: "I was frightened; I was petrified; I was confused" as Sampson held the knife to her hand. She also testified:

5

Q: And the event that just had happened, was it sinking in at all?

A: No. I was in denial. I didn't want to think that my husband just threatened to cut my finger off.

Q: All right. What happened next?

A: I had left, drove to my sister's house and called his mom.

Sampson contends that K.S.'s testimony provided the foundation necessary for Dotty's testimony. The testimony from K.S. that she was frightened, petrified, and confused was specific to the time of the event. While K.S. may have still been frightened or upset when she called Dotty, Sampson failed to establish the foundation necessary to admit any testimony on the basis of excited utterance. Additionally, again, the trial court was not made aware of the nature of the expected testimony and was without information necessary to characterize it.

## C.    Prosecutorial Misconduct

During trial, Sampson took the stand in his own defense and under the prosecution's cross-examination admitted to taking the ring off of K.S.'s finger:

Q: Well, let's see how much we can agree on. You agree that you're guilty of battering your wife on the 20th; is that correct?

A: Yes, sir. I shouldn't have took [sic] the ring off her finger.

Q: You've admitted that [sic] previously that you're guilty of battery?

A: Yes, sir.

Q: That's a lesser included offense, so the jury could find you guilty of battery for this?

A: Yes, sir. That's what happened.

Then during closing arguments, the prosecutor reminded the jury that Sampson had admitted to committing a battery:

There's really, as I stated in my opening argument, really only one question that remains for the jury to decide. That is was there a knife? Was a knife involved? The defendant, up on the stand, already told you he is guilty of domestic battery. He admits he reached over, grabbed her hand, tried to pry the finger up to get the wedding ring off. The only disagreement really between the testimony of the two witnesses that were there in that car on that snowy December night is whether or not there was a knife. And you must now decide who is telling the truth.

Sampson argues the prosecutor's statement that it was undisputed that a battery occurred was misconduct, because it invaded the province of the jury on an ultimate issue and implied that the jury did not need to decide the issue. He contends this was error because it took the decision

6

from the jury citing *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 435 (1978). Sampson did not object to the prosecutor's comments.

While our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, he is nevertheless expected and required to be fair. *Field*, 144 Idaho at 571, 165 P.3d at 285. However, in reviewing allegations of prosecutorial misconduct we must keep in mind the realities of trial. A fair trial is not necessarily a perfect trial. When there is no contemporaneous objection, a conviction will be reversed for prosecutorial misconduct only if the conduct is sufficiently egregious so as to result in fundamental error. *Id.* Misconduct will be regarded as fundamental error when it "goes to the foundation or basis of a defendant's rights or . . . to the foundation of the case or take[s] from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive." *State v. Severson*, 147 Idaho 694, 716, 215 P.3d 414, 436 (2009); *State v. Bingham*, 116 Idaho 415, 423, 776 P.2d 424, 432 (1989) (quoting *State v. Garcia*, 46 N.M. 302, 309, 128 P.2d 459, 462 (1942)). "However, even when prosecutorial misconduct has resulted in fundamental error, the conviction will not be reversed when that error is harmless." *Field*, 144 Idaho at 571, 165 P.3d at 285. Under the harmless error doctrine, a conviction will stand if the appellate court is convinced beyond a reasonable doubt that the same result would have been reached by the jury had the prosecutorial misconduct not occurred. *State v. LaMere*, 103 Idaho 839, 844, 655 P.2d 46, 51 (1982); *State v. Pecor*, 132 Idaho 359, 368, 972 P.2d 737, 746 (Ct. App. 1998).

When the defendant did not object at trial, our inquiry is, thus, three-tiered. *See Field*, 144 Idaho at 571, 165 P.3d at 285. First, we determine factually if there was prosecutorial misconduct. If there was, we determine whether the misconduct rose to the level of fundamental error. Finally, if we conclude that it did, we then consider whether such misconduct prejudiced the defendant's right to a fair trial or whether it was harmless.

Closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. *State v. Phillips*, 144 Idaho 82, 86, 156 P.3d 583, 587 (Ct. App. 2007). Its purpose is to enlighten the jury and to help the jurors remember and interpret the evidence. *Id.*; *State v. Reynolds*, 120 Idaho 445, 450, 816 P.2d 1002, 1007 (Ct. App. 1991). Both sides have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be

drawn therefrom. *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003); *Phillips*, 144 Idaho at 86, 156 P.3d at 587.

The prosecutor's argument during closing was not improper. The prosecutor's statements were in reference to the evidence and were an attempt to draw the jury's focus to the difference between Sampson and K.S.'s testimony regarding the principle dispute in the trial, the presence of a knife. Indeed, Sampson's own attorney took a similar approach and stated:

> Ladies and gentlemen, Ronald Sampson did testify yesterday, and he did not evade or attempt to deny that he touched [K.S.]. He did admit he touched her unlawfully by grabbing her hand and taking the ring from her. He has admitted that. So I suggest to you again that what you need to determine is if there was a knife.

Sampson failed to demonstrate that the prosecutor's closing argument was improper or misconduct.

### D.     Ineffective Assistance of Counsel

Sampson argues that trial counsel's failure to object to improper evidence was egregious and that this Court should consider an ineffective assistance of counsel claim on direct appeal. Ineffective assistance of counsel claims are not ordinarily addressed on direct appeal because the record is rarely adequate for review of such claims. *State v. Hayes*, 138 Idaho 761, 766, 69 P.3d 181, 186 (Ct. App. 2003). We will not address Sampson's claim of ineffective assistance of counsel on this direct appeal.

### E.     Motion for New Trial

In the district court, Sampson sought a new trial based upon the admission of prior acts evidence, exclusion of Dotty's testimony, prosecutorial misconduct and ineffective assistance of counsel. It is unclear, except for the ineffective assistance of counsel claim whether Sampson asks this Court to review the denial of his motion for new trial. As we have determined that the district court did not err in regard to the prior acts evidence or Dotty's testimony and that the prosecutor did not engage in misconduct, these arguments provide no basis for new trial or reversing the district court's denial of Sampson's motion. While Sampson argues that Idaho Criminal Rule 34 provides a basis for the court to grant a new trial "if required in the interest of justice," the district court is limited to the specific grounds set out in I.C. §19-2406. *State v. Cantu*, 129 Idaho 673, 675, 931 P.2d 1191, 1193 (1997). Sampson has failed to demonstrate any of the grounds for new trial set out in I.C. §19-2406.

## III.

## CONCLUSION

Sampson failed to object to evidence of prior acts, and his objection will not be considered for the first time on appeal. The district court did not abuse its discretion regarding Dotty's testimony. The prosecutor did not engage in misconduct. This Court will not consider Sampson's ineffective assistance of counsel claim on direct appeal. Sampson failed to demonstrate that the trial court's denial of the motion for a new trial was in error. Sampson's judgment of conviction is affirmed.

Judge GUTIERREZ and Judge MELANSON, **CONCUR.**